IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN NOLAN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. DKC-22-196 |
| JUDGE BRIGHT, *et al.*, | * | |
| Defendants. | * | |

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Stephen Nolan filed a complaint on January 26, 2022, seeking injunctive relief and an emergency hearing regarding a "pending 20-million-dollar claim" under 42 U.S.C. § 1983. ECF No. 1. Mr. Nolan subsequently paid the full filing fee and filed an amended complaint against Defendants Judge Robin Bright, the Maryland Bar Association, The State of Maryland, Aaron A. Naiman, Esq., and Victor O. Buente, Jr., Esq. ECF No. 3. Mr. Nolan claims that Defendants violated his constitutional rights by improperly foreclosing upon his property in Maryland state court, in *Zakharin v. Noland* [sic], Case No. CAE21-00505 (Cir. Ct. for Prince George's County). *See id.* at 3. For the reasons that follow, this case must be dismissed.

**Discussion**

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible without exception." (Internal citation and quotation marks omitted)). Federal courts have original

jurisdiction over civil cases, with some exceptions that are not relevant here, in only two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000, *see* 28 U.S.C. § 1332.

Moreover, complaints that so clearly fail to state a claim that it would be imprudent to proceed to service of process should be dismissed at the outset:

> [F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid. *See, e.g., Mallard v. United States Dist. Court,* 490 U.S. 296, 307–08, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989) ("Section 1915(d) ... authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have the power to do so even in the absence of this statutory provision."); *Fitzgerald v. First E. Seventh St.,* 221 F.3d 362, 364 (2d Cir. 2000). In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted. *See Ricketts v. Midwest Nat'l Bank,* 874 F.2d 1177, 1181–83 (7th Cir. 1989); *Franklin v. Or., State Welfare Div.,* 662 F.2d 1337, 1342–43 (9th Cir. 1981).

*Chong Su Yi v. Soc. Sec. Admin.*, 554 F. App'x 247, 248 (4th Cir. 2014). A "frivolous" complaint is one lacking an arguable basis either in law or in fact:

> "[A] complaint, containing as it does, both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neizke v. Williams*, 409 U.S. 319, 325 (1989) (discussing in detail the overlap and differences between dismissing a complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and determining that a claim must be dismissed because it is frivolous, concluding "it is evident that the failure-to-state-a-claim standard of Rule 12(b)(6) and the frivolousness standard of [28 U.S.C.] § 1915(d) were devised to serve distinctive goals and that while the overlap between these two standards is considerable, it does not follow that a complaint which falls afoul of the former standard will invariably fall afoul of the latter."). A claim is frivolous if it is
>> based on an indisputably meritless legal theory, but also ... [when its] factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit, and claims of infringement of a legal interest which clearly does not exist .... Examples of the latter class are claims describing fantastic or delusional scenarios claims with which federal district judges are all too familiar.
>
> *Neizke*, 490 U.S. at 327–28 (internal citations omitted).

*Magnas v. Perlman*, No. 8:20-CV-2862-PWG, 2021 WL 915352, at *3 (D. Md. Mar. 10, 2021).

2

Mr. Nolan argues that this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and § 1343.[1] ECF No. 3 at 2. Foreclosure actions brought under state law do not give rise to federal question jurisdiction under § 1331. *See McNeely v. Moab Tiara Cherokee Kituwah Nation Chief*, 2008 WL 4166328 (W.D. N.C 2008) (nothing in "simple foreclosure action of real property . . . suggests the presence of a federal question"). Moreover, "Section 1343 merely vests the federal district courts with subject matter jurisdiction over certain civil rights claims." *Nott v. Bunson*, Civil Action No. WMN-09-2613, 2009 WL 3271285, at *1 (D. Md. Oct. 9, 2009). Here, Mr. Nolan alleges, as the basis for federal question jurisdiction, violations of 42 U.S.C. § 1983, the Administrative Procedure Act of 1946, and the Tucker Act. ECF No. 3 at 2, 9.

A.   **42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides that a plaintiff may file suit against any "person" who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. *See, e.g., Filarsky v. Delia*, 566 U.S. 377 (2012); *see also Graves v. Loi*, 930 F.3d 307, 318-19 (4th Cir. 2019); *Owens v. Balt. City State's Attorney's Office*, 767 F.3d 379 (4th Cir. 2014), *cert. denied*, 575 U.S. 983 (2015). However, § 1983 "'is not itself a source of substantive rights,' but provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). In other words, § 1983

---

[1] Mr. Nolan does not invoke diversity jurisdiction, nor does such jurisdiction appear to exist. Pursuant to 28 U.S.C. § 1332, diversity jurisdiction exists when the parties are of diverse citizenship and the amount in controversy exceeds $75,000. *See Stouffer Corp. v. Breckenridge*, 859 F.2d 75, 76 (8th Cir. 1988); *McDonald v. Patton*, 240 F.2d 424, 425-26 (4th Cir. 1957). Although Nolan seeks damages in excess of $75,000, see ECF No. 4, he has not shown that the citizenship of the parties is diverse.

allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).

To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person acting under the color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011), *cert. denied*, 565 U.S. 823 (2011); *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 (4th Cir. 2009); *Jenkins v. Medford*, 119 F.3d 1156, 1159-60 (4th Cir. 1997).

Under the Eleventh Amendment to the United States Constitution, a state, its agencies and departments are immune from citizen suits in federal court absent state consent or Congressional action. *See Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Maryland has not waived such immunity for claims brought pursuant to § 1983. Accordingly, it is immune from suit here.

Meanwhile, Defendant Bright is a Maryland state judge who Mr. Nolan is suing for decisions made in her capacity as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages, but also protects a judge from damages suits entirely. *Id*. at 11. Moreover, "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their

jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman,* 435 U.S. 349, 355-56 (1978); *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Regardless of Mr. Nolan's constitutional claims, he provides no grounds to defeat the judicial immunity that applies to Judge Bright's determinations in his foreclosure case.

With regard to the remaining Defendants, none may be plausibly considered state actors or as having engaged in state action, necessary predicates for a constitutional claim. *See* 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988); *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (only state actors are proper defendants under § 1983). Defendants Naiman and Buente appear to be private attorneys, and Mr. Nolan makes no allegations regarding the Maryland Bar Association.

Thus, Mr. Nolan's § 1983 claims cannot proceed.

    **B.**    **Administrative Procedure Act of 1946**

The Administrative Procedure Act, Pub.L. 79–404, 60 Stat. 237, "regulates the administration and operation of federal agencies," *Thompson v. U.S. Dep't of Hous. & Urb. Dev.*, 348 F. Supp. 2d 398, 418 (D. Md. 2005), and "requires federal courts to set aside federal agency action that is 'not in accordance with law,'" *F.C.C. v. NextWave Pers. Commc'ns Inc.*, 537 U.S. 293, 300 (2003) (citing 5 U.S.C. § 706). *See also* 5 U.S.C. § 551. As none of the named Defendants are federal agencies, the Act is inapplicable to this case.

    **C.**    **Tucker Act**

The Tucker Act, codified in pertinent part at 28 U.S.C. §§ 1346(a) and 1491, has been consistently interpreted by the Supreme Court "as having provided the consent of the United States to be sued *eo nomine* for the classes of claims described in the Act." *United States v. Mitchell*, 463 U.S. 206, 215 (1983) (citations omitted). In other words, "the Tucker Act effects a waiver of

sovereign immunity." *Id.* (citations omitted). Moreover, the Tucker Act "is itself only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Because the United States is not a party to this case, the Tucker Act does not apply.

## Conclusion

In sum, Mr. Nolan fails to state a claim arising under the Constitution, laws, or treaties of the United States, against any of the named Defendants and the complaint is frivolous.[2] Accordingly, his complaint, as amended, must be dismissed. A separate Order follows.

March 10, 2022

                                                                             /s/
                                                 DEBORAH K. CHASANOW
                                                 United States District Judge

---

[2] To the extent Mr. Nolan challenges the foreclosure itself, his claim fails. Where equitable relief is sought regarding property that is already the subject of an ongoing in rem action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property. *See Tucker v. Specialized Loan Servicing*, LLC, 83 F. Supp. 3d 635, 641-42 (D. Md. 2015); *see also Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939) (the jurisdiction of the second court must yield to the court where the matter was first pending).